# No. 14-57008

In The
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

**BISNO DEVELOPMENT ENTERPRISE, LLC**, a California limited liability company,

*Plaintiff—Appellant,*

*v.*

**BARRY LEVINE**, an individual, *et al.*,

*Defendants—Appellees*

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
HON. MANUEL L. REAL, DISTRICT JUDGE · CASE NO. 2:13-CV-07961 R (PJWx)

---

## BRIEF OF DEFENDANTS—APPELLEES RIDGEMOUNT INVESTMENTS, INC., ALEX ISCOE, AND DAVID ULMER

---

DERBY | CURTIS LLP
PAUL B. DERBY
800 WILSHIRE BOULEVARD, SUITE 1450
LOS ANGELES, CALIFORNIA 90017
(213) 788-4500

ATTORNEYS FOR DEFENDANTS—APPELLEES
**RIDGEMOUNT INVESTMENTS, INC., ALEX ISCOE AND DAVID ULMER**

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1, defendant and appellee Ridgemount Investments, Inc. certifies that it has no parent corporation and no publicly-held corporation owns 10% or more of its stock.

////

////

# **TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION ................................................................................... 1

ARGUMENT .......................................................................................... 4

I. THE RIDGEMOUNT DEFENDANTS CONCUR IN EACH OF THE COMPELLING ARGUMENTS MADE BY THE OTHER DEFENDANTS-APPELLEES ..................... 4

II. THE DISTRICT COURT'S RULING AS TO THE RIDGEMOUNT DEFENDANTS SHOULD BE SEPARATELY AFFIRMED BECAUSE THERE IS NO EVIDENCE OF EITHER THE REQUISITE INTENT TO INTERFERE OR KNOWLEDGE BY THESE DEFENDANTS ........................................................... 5

CONCLUSION .................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACO Pac. v. ACO, Ltd.*,
    No. 94-15497,
    1995 U.S. App. LEXIS 34929, at *2
    (9th Cir. Nov. 17, 1995) .............................................................. 11

*CRST Van Expedited, Inc. v. Werner Enters.*,
    479 F.3d 1099 (9th Cir. 2007) .................................................... 9, 10

*Reva Int'l, Inc. v. MBraun, Inc.*,
    No. 03:06-CV-00306-LRH-VPC,
    2007 U.S. Dist. LEXIS 94821, at *22
    (D. Nev. Dec. 28, 2007) ............................................................. 10

*Starlite Dev. (China) Ltd. v. Textron Fin. Corp.*,
    No. CV-F-07-1767 OWW/DLB,
    2008 U.S. DIST. LEXIS 111595, at *40-41
    (E.D. Cal. July 7, 2008 ............................................................ 10, 11

*Wilcox v. Comm'r*,
    848 F.2d 1007 (9th Cir. 1988 ..................................................... 13

**Rules**

Fed. R. App. P. 26.1 ............................................................................. 1
Fed. R. App. P. 28 ................................................................................ 4
Fed. R. App. P. 32 ................................................................................ 1

## INTRODUCTION

The other defendants-appellees—Barry Levine, Ari Scottenstein, Protilus Investors, LLC, Ilus Investors, LP, and Ilus GP US, LLC (the "Ilus/Protilus Defendants")—filed their opposition brief on September 8, 2015. Each of the arguments made by the Ilus/Protilus Defendants is well-founded, and defendants-appellees Ridgemount Investments, Inc., Alex Iscoe, and David Ulmer (the "Ridgemount Defendants") join in each of those arguments. Specifically:

1. Plaintiff-appellant Bisno Development Enterprises, LLC's ("BDE") interference with contract claim must fail because there was no enforceable underlying contract, as the alleged contract amounted to a contingency, attorney fee agreement, and it therefore had to be in writing, yet no signed writing was ever obtained, and the purported written instrument was in fact rejected

and only an agreement that removed BDE's alleged profit participation was approved.

2. BDE was paid $8,000 per month for its services, offered no evidence that the services it rendered were worth more than $8,000 per month (in fact, BDE did not even keep time records, and it appears that BDE was paid more than it earned), and the controlling case law prohibits a quantum meruit recovery based upon the benefit conferred, as opposed to the market value of the services actually rendered by BDE.

3. BDE performed its services for the benefit of third parties Vineyards Development, Inc. ("VDI") and/or VDC At The Met, LLC ("VDCATM"), not the Ridgemount Defendants or any of the other defendants-appellees. The controlling law is clear that indirect beneficiaries cannot be held liable on a quantum meruit claim for the value of the services rendered, as there was no more of a quasi-

2

contractual relationship than a contractual one between BDE and the defendants-appellees.

4. The undisputed evidence is that BDE sought to interfere with the very entitlement process for which it was retained and paid handsomely. The facts here are a classic example of unclean hands, and the unclean hands defense should preclude BDE from receiving a further windfall from its limited services.

Beyond the foregoing, which provide more than ample support for the District Court's ruling granting summary judgment in defendants-appellees' favor, there exists a further, indisputable reason that the District Court was correct in granting the summary judgment motion filed by the Ridgemount Defendants: there is no evidence in the record, as reflected in BDE's opening appellate brief, that the Ridgemount Defendants knowingly sought to interfere with BDE's alleged contract.

The only mention of the Ridgemount Defendants in BDE's opening appellate brief is the claim that they did not consent to the alleged interference, which tends to defeat the intent to interfere element of the claim. The only evidence as to the Ridgemount Defendants' knowledge is that they did not contemporaneously know of BDE's claim to a portion of the project's profits, separately defeating the knowledge element of the claim. While the District Court never had to consider the defendants individually, finding BDE's claims failed as to all of the defendants, upon the slightest examination the conclusion is inescapable that the Ridgemount Defendants were frivolously included by BDE in this lawsuit.

## ARGUMENT

### I. THE RIDGEMOUNT DEFENDANTS CONCUR IN EACH OF THE COMPELLING ARGUMENTS MADE BY THE OTHER DEFENDANTS-APPELLEES

Pursuant to Fed. R. App. P. 28(i), the Ridgemount Defendants adopt by reference the September 8, 2015 Brief

4

of Appellees Barry Levine, Ari Scottenstein, Protilus Investors, LLC, Ilus Investors, LP, and Ilus GP US, LLC (the "Ilus/Protilus Defendants' Opposition Brief"), and the arguments and authority contained therein. The Ridgemount Defendants agree that the District Court's October 20, 2014 Order granting summary judgment in favor of all defendants, and November 21, 2014 Judgment thereon, should be affirmed for each and every one of the reasons stated in the Ilus/Protilus Defendants' Opposition Brief.

## II. THE DISTRICT COURT'S RULING AS TO THE RIDGEMOUNT DEFENDANTS SHOULD BE SEPARATELY AFFIRMED BECAUSE THERE IS NO EVIDENCE OF EITHER THE REQUISITE INTENT TO INTERFERE OR KNOWLEDGE BY THESE DEFENDANTS

A review of BDE's opening brief reveals zero allegations of misconduct by any of the three Ridgemount Defendants: Ridgemount Investments, Inc., and its owners, Alex Iscoe and David Ulmer. Indeed, the few (and there are

only a few) references to any of the Ridgemount Defendants expressly describe these defendants as removed from the alleged misconduct. The facts, as alleged by BDE in its opening brief, with regard to the Ridgemount Defendants, are:

- The Ridgemount Defendants were not participants in any of the alleged conversations between Ogulnick, on the one hand, and other defendants-appellees, on the other hand, regarding the property and BDE's services with regard to the same. (AOB at 6–9 (describing conversations from March 6, 2011 introduction of Ogulnick to defendants Levine and Schottenstein, through VDCATM's creation and alleged agreement to compensate BDE).

- The Ridgemount Defendants are not alleged to have approved the Independent Contractor

Agreement between VDCATM and BDE. (AOB at 10 (defendant Levine approved Independent Contractor Agreement on behalf of Ilus Investors). Nor is there is a single allegation in BDE's opening brief of any specific knowledge or misconduct by any of the Ridgemount Defendants.

- Importantly, BDE alleges that on March 16, 2012, defendants Levine and Schottenstein, on their own initiative, <u>without the consent of the Ridgemount Defendants</u>, wired $990,000 to the project's lender in order to reduce BDE's profits in connection with the sale of the property. BDE expressly alleges that the Ridgemount Defendants did not participate in this alleged interference. (See also AOB at 24–25 (relying upon Superior Court ruling that the Ridgemount

7

Defendants did not consent to the $990,000 payment).)

- BDE contends it submitted evidence sufficient to show that Ilus deliberately interfered with BDE's profit participation. (AOB at 18.) The same claim is not made as to the Ridgemount Defendants. Indeed, the "evidence" claimed by BDE to support Ilus's alleged interference is the same ruling in separate litigation on the Ridgemount Defendants' summary judgment motion, where the Superior Court is said to have ruled that the Ridgemount Defendants did not consent to the alleged misconduct. (AOB at 18–19.) BDE seems to again argue against the conclusion that the Ridgemount Defendants did anything wrongful, without citing any facts to support a finding of misconduct.

- BDE suggests (albeit incorrectly) that a verified complaint in other litigation by Ogulnick suggests that defendants Levine and Schottenstein interfered with Ogulnick's efforts to obtain a short extension of the loan on the property. (AOB at 21–22.) The Ridgemount Defendants are yet again nowhere mentioned.

Further, the uncontroverted evidence is that defendants Alex Iscoe and David Ulmer, the owners of Ridgemount Investments, Inc., had no contemporaneous knowledge that BDE claimed any interest in the project's profits, having understood that Ogulnick rejected BDE's request for a profit interest. (ER 382–383 (Ulmer Decl. ¶ 19); ER 389–390 (Iscoe Decl. ¶ 19.) BDE did not submit any evidence to the contrary, which is fatal to its interference with contract claim, as defendant's knowledge of the contract is an element of the claim. *See CRST Van*

9

*Expedited, Inc. v. Werner Enters.*, 479 F.3d 1099, 1105 (9th Cir. 2007) ("The tort of intentional interference with contract requires allegations of the following elements: …. (2) defendant's knowledge of this contract …."); *Reva Int'l, Inc. v. MBraun, Inc.*, No. 03:06-CV-00306-LRH-VPC, 2007 U.S. Dist. LEXIS 94821, at *22 (D. Nev. Dec. 28, 2007) ("Without such a factual assertion or other evidence indicating personal knowledge, the conclusory assertion that Defendants had knowledge is insufficient to defeat summary judgment. Thus, there are no genuine issues of material fact as to whether Calandra or U.S. MBraun had knowledge of a contract. Summary judgment will be granted with respect to these two defendants.").

There is also no evidence of any intent by the Ridgemount Defendants to interfere with the alleged contract with BDE, which defeats a separate element of the claim, i.e., the intent to interfere. *See Starlite Dev. (China)*

*Ltd. v. Textron Fin. Corp.*, No. CV-F-07-1767 OWW/DLB, 2008 U.S. Dist. LEXIS 111595, at *40–41 (E.D. Cal. July 7, 2008) ("The elements of a cause of action for intentional interference with contractual relations are …. (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship …."); *ACO Pac. v. ACO, Ltd.*, No. 94-15497, 1995 U.S. App. LEXIS 34929, at *2 (9th Cir. Nov. 17, 1995) ("Neither tortious interference with contract nor tortious interference with economic relations occurs unless the defendant intentionally induces a rift in the contract or economic relationship; mere knowledge that such a rift will occur is insufficient."). BDE has not identified a single document or excerpt of testimony to support the conclusion that any of the Ridgemount Defendants sought to interrupt any payment to BDE.

## CONCLUSION

For the reasons stated above, as well as the many reasons stated in the September 8, 2015 Brief of Appellees Barry Levine, Ari Scottenstein, Protilus Investors, LLC, Ilus Investors, LP, and Ilus GP US, LLC, defendants-appellees Ridgemount Investments, Inc., Alex Iscoe and David Ulmer request that this Court affirm the District Court's order granting summary judgment and dismissing all defendants, or in the alternative, affirm the District Court's order granting summary judgment as to defendants Ridgemount Investments, Inc., Alex Iscoe and David Ulmer, given the absence of any evidence supporting the elements of BDE's claims.

The Ridgemount Defendants believe that this appeal was frivolous, given the absence of legal authority contrary to the District Court's ruling, and the absence of any evidence supporting the claims against the Ridgemount

Defendants. If this Court affirms the District Court's ruling, the Ridgemount Defendants request leave to file a motion to have the appeal deemed frivolous, and seeking their attorneys' fees on appeal. *See* Fed. R. App. P. 38 (requiring separately-filed motion for fees and other damages); *Wilcox v. Comm'r*, 848 F.2d 1007, 1009 (9th Cir. 1988) ("An appeal is frivolous is the result is obvious, or the arguments of error are wholly without merit."

September 22, 2015　　　　　　**DERBY | CURTIS LLP**
　　　　　　　　　　　　　　　　Paul B. Derby


　　　　　　　　　　　　　　By:　s/Paul B. Derby

　　　　　　　　　　　　　　Attorney for Defendants—
　　　　　　　　　　　　　　Appellees **RIDGEMOUNT**
　　　　　　　　　　　　　　**INVESTMENTS, INC.,**
　　　　　　　　　　　　　　**ALEX ISCOE, AND**
　　　　　　　　　　　　　　**DAVID ULMER**

## STATEMENT OF RELATED CASES

The Ridgemount Defendants are not aware of any related case pending in this Court.

September 22, 2015	**DERBY | CURTIS LLP**
Paul B. Derby


By:	s/Paul B. Derby

Attorney for Defendants—Appellees **RIDGEMOUNT INVESTMENTS, INC., ALEX ISCOE, AND DAVID ULMER**

1

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because this brief contains 2,182 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14-point Times New Roman typeface.

September 22, 2015          **DERBY | CURTIS LLP**
                            Paul B. Derby


                            By:     s/Paul B. Derby

                            Attorney for Defendants—
                            Appellees **RIDGEMOUNT
                            INVESTMENTS, INC.,
                            ALEX ISCOE, AND
                            DAVID ULMER**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 22, 2015, I electronically filed the foregoing with the Clerk of the Court for the United Sates Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                                    s/Paul B. Derby